5ω1072-04

Applicants Response to State's Original Answer

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 27 2015

Abel Acosta, Clerk

Your applicant now responds to the State's Original Answer and Trial Courts Finding of Facts for petition 587417-D.

Point number one, Applicants petition was received and filed on 5/28/2015 according to the records. Pursuant to Article 11.07 of the Texas Code of Criminal Procedures the State is allowed fifteen days to file a response. The States answer was due before 6/11/2015, yet the State's Answer was filed on 6/17/2015 a full twenty-one days later. The State did fail to comply with the time restrictions allowed under Article 11.07 so that the State's Answer should be waived and carry no weight.

Point number two, applicants first two points of error are based on the legal basis that was established by the ruling of the United States Supreme Court in Crawford V. Washington, 541 U.S. 36 (2004) which abrogated Ohio V. Roberts, 448 U.S. 56, 100 S. Ct. 2531, 65 L. Ed. 2d 597. This fact was made clear in the body of the application and the case was cited, per the rules of the application, in the accompanying memorandum of law of this petition. This ruling was made and the rights recognized a full year after your applicants original application was denied, three years after it was filed. Thus these two issues comply with Article 11.07 § 4 (a)(i), (b) + (c) for submitting a subsequent application for writ of habeas corpus challenging the same conviction and must be granted a adjudicating hearing. The fact that these issues

comply with article 11.07 subsection 4 (a)(1), (b) + (c) and are so clearly shown to do so, one can only believe that the State's Original Answer is an attempt to get the Court to dismiss the applicant's "pro se" application with accompanying Memorandum of Law without actually reading the application, preventing the applicant from having a fair hearing.

Point three, in applicant's petition, issues three thru seven, applicant made note that due to the errors the plea bargain contracted with the State was violated by the State's failure to uphold said contract, thus voiding the contract. Your applicant therefore did withdraw his plea in accord with Texas law. The State could not later enforce the violated contract, nor could any rational juror find the applicant guilty beyond reasonable doubt for a violation of a condition of probation that "de facto" no longer existed due to the State's violation of the plea bargain promises. Therefore as shown in the application and memorandum of law these issues comply with article 11.07 § 4 (a)(2) and should be adjudicated on merit by this Court.

Point four, stated in issue number eight your applicant complains that the State produced no evidence to prove applicant violated the condition of probation the Trial Court found him guilty of. Just the fact that this issue is raised is enough to comply with article 11.07 § 4 (a)(2). Without any evidence the trial Court had to base its finding on the unsubstantiated findings of a polygraph exam in

violation of the new law article 42.12 (5)(b) of the Texas Code of Criminal Procedures and the Trial Judges prejudice caused by the applicants withdrawal of his plea due to the trial Courts actions in violating the plea bargain. Since by law, no rational juror could have found your applicant guilty beyond a reasonable doubt based on no evidence this issue complys with article 11.07 §4(a)(2) for submitting a subsequent application challenging the same conviction and must be adjudged on merit.

Point five, in issues nine through twelve the applicant establishes that if the requested documents had been provided as law has established, your applicant would have been able to present facts that would allow that no rational juror could have found your applicant guilty beyond a reasonable doubt. Thus, this issue also complies with Article 11.07 §4(a)(2) for submitting a subsequent application challenging the same conviction and must be adjudged on merit by this court.

Point Six, In States Original Answer it is alleged that issues seventeen and eighteen are not subject to habeas relief. However, this Honorable Court has held consistently that an application for habeas Corpus is the propper instrument to challenge a void judgement or void sentence, and because neither of these issues challenge the same conviction, these issues are not subject to Article 11.07 §4(a)-(c) and must be adjudged on merit.

Point Seven, the Trial Court did once again accept

the State's Original Answer as their own finding of facts and conclusions of law. However, since the State filed its Answer on 6/17/2015 and the Trial Court signed its order based on such on 6/19/2015 it is evident that the Trial Court failed to read the application or accompanying Memorandum of Law or all these points would have been evident to him. Also applicant has signed under penalty of perjury all documents entered in this cause, as such all information is factual to the best of his knowledge. The same can not be said for the States' Original Answer especially as shown in issues one, two, seventeen + eighteen. Here his findings are not only not based on fact but is based on falsifying the facts. In other words the District Attorney and his agents are guilty of perjury and the States' Original Answer was designed to attempt to keep the Courts from considering a handwritten "pro se" application on merit. Thus, this applicant believes that the State has failed to act in fairness, nor will they do so, such that your applicant will not be able to receive a fair hearing in the State courts. No application should be summarily dismissed just because it is hand written or "pro se" with no high dollar attorney to serve as its advocate.

Richard R Hall   848910
applicant

cc Trial Court, Texas Court of Criminal Appeals, file